IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2020 Session

**MINDY DONOVAN v. JOSHUA R. HASTINGS**

**Appeal from the Chancery Court for Davidson County**
**No. 18-0568-I        Patricia Head Moskal, Chancellor**

———————————————————

**No. M2019-01396-COA-R3-CV**

———————————————————

W. NEAL MCBRAYER, J., concurring in part and dissenting in part.

I concur in the majority's conclusion that some of the issues raised by the defendant/appellee, Joshua R. Hastings, are untimely. Mr. Hastings was required to raise issues related to the voluntary dismissal of claims and his motions to compel within thirty days of the final judgment. *See* TENN. R. APP. P. 4(a). After ruling on those issues, the trial court deemed the May 24, 2019 order to be a final judgment. *See* TENN. R. CIV. P. 58. But Mr. Hastings did not seek an appeal within thirty days of that order. So appellate review is limited to what took place after the time for appeal of the May 24, 2019 order ran, the award of attorney's fees to plaintiff/appellant Mindy Donovan.

I depart from the majority, however, in its application of the statute under which Ms. Donovan was awarded fees, Tennessee Code Annotated § 20-12-119(c). Subject to exceptions not relevant here, if a motion to dismiss for failure to state a claim upon which relief may be granted is successful, "the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees *incurred in the proceedings as a consequence of the dismissed claims by that party or parties*." Tenn. Code Ann. § 20-12-119(c)(1) (Supp. 2019) (emphasis added). The majority "conclude[s] that 'proceedings' means all acts and events that occur as a result of the dismissed claim(s) from the date the dismissed claim(s) is filed."

Here, the dismissed claim, a breach of contract claim, was filed twice. As the majority explains, Mr. Hastings's "amended countercomplaint included the same breach of contract claim alleged in [his] original countercomplaint." But the Court agrees with the trial court that Ms. Donovan was limited to "reasonable attorney fees she incurred as a result of the breach of contract claim from the date the amended countercomplaint was

filed." The Court reasons that, because the amended countercomplaint superseded the original countercomplaint, the trial court dismissed the breach of contract claim "based on the amended countercomplaint without consideration of the initial countercomplaint."

Although the trial court only considered whether the amended countercomplaint stated a claim upon which relief may be granted, I agree with Ms. Donovan's contention that the trial court applied the statute too narrowly. Because the original countercomplaint included the same claim that was dismissed, I would characterize the original countercomplaint as part of "the proceedings that resulted from the filing of the dismissed claim[]." *Id.* § 20-12-119(c)(2). So attorney's fees incurred in response to the original countercomplaint might be "incurred in the proceedings as a consequence of the dismissed claim[]."[1] *Id.* § 20-12-119(c)(1).

Because the trial court applied Tennessee Code Annotated § 20-12-119(c) too narrowly, I would vacate the award of attorney's fees. And I would remand for an award of "reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties," including those proceedings prior to the filing of the amended countercomplaint.

_____
W. NEAL MᴄBRAYER, JUDGE

---

[1] Ms. Donovan contends that research and analysis associated with the original countercomplaint were later incorporated into her motion to dismiss the amended countercomplaint and supporting memorandum of law. She also began her review of the amended countercomplaint prior to its filing; the amended countercomplaint was exhibited to a motion for leave to amend. *See* Tenn. R. Civ. P. 15.01 (leave of court required to amend a pleading after a response is filed).